### STONE v. SCHLESINGER et al.

#### (Supreme Court, Appellate Term. June 3, 1908.)

CONTRACTS—BUILDING CONTRACT—NONPERFORMANCE—EVIDENCE.

 Where plaintiff signed a paper reciting that he was not entitled to receive any further payments for work done on a building unless he procured and delivered to defendants a dismissal certificate from the tenement house department on "iron and fire escapes work" on such property, such instrument constituted an admission that there were violations of the tenement house act.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Stone against Adolph Schlesinger. From a Municipal Court judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

M. Harold Hochdorf, for appellants.
Barnett E. Copelman, for respondent.

PER CURIAM. The theory on which the justice decided in favor of the plaintiff is not clear from the record. The plaintiff testified that he did not know the contents of the receipt he signed for part payment under the contract, and which was put in evidence as Defendants' Exhibit A. That paper contained the following sentence:

"I am not entitled to receive any balance or further payments for said work unless I procure and deliver to Schlesinger & Isenberg dismissal certificates from the tenement house department of the city of New York on iron and fire escapes work at 305 to 311 E. 71st St. and 525 1st Ave. qnly."

At an advanced stage of the trial, and after this paper was placed in evidence, and the portion of it above quoted read into the record, the trial justice remarked that there was no proof of tenement house violations, except the statement of the defendant Schlesinger, who was on the stand testifying at the time. From that observation, made at that stage of the trial, it would appear that the trial justice over-

looked the significance of the virtual admission, contained in the signed statement by the plaintiff, that there were violations and that he was to "procure and deliver" certificates of dismissal thereof to defendants.

Much attention is given in the briefs on both sides to the refusal of the trial justice to grant the defendants' application for a suspension of the trial in order to allow an opportunity to procure the records of the tenement house department to prove the existence of such violations, which the defendants could not produce because of the failure of the official in the tenement house department subpœnaed to produce them fully to obey the subpœna. From the entire record it would seem that the learned justice fell into error in overlooking the significance of the documentary evidence adverted to and the importance to defendants, if plaintiff's testimony as to his ignorance of the contents of the receipt was to be believed, to be permitted affirmatively to prove that the violations had not been removed. The inference to be drawn from the record is that the court regarded the existence of the violations as material, but unproven; and we are of the opinion that the interests of justice require a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.